# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ALEXIA PENA, | * | No. 21-1199V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: July 22, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Jonathan Joseph Svitak</u>, Shannon Law Group, P.C., Woodridge, IL, for petitioner;
<u>Alec Saxe</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Petitioner, Alexia Pena, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 et seq., alleging that she suffered from a Table Injury of chronic arthritis as a result of the Measles, Mumps, and Rubella ("MMR") vaccine she received on October 29, 2019. Pet., filed April 13, 2021. Ms. Pena worked to obtain her medical records, and filed a statement of completion on August 30, 2022.

      The Secretary filed his Rule 4(c) Report on May 22, 2023. The Secretary disputed that Ms. Pena has chronic arthritis, arguing instead that the records

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

support a diagnosis of seropositive rheumatoid arthritis, and that Ms. Pena could not proceed on a Table claim. Resp't's Rep. at 15-16. The Secretary further argued that Ms. Pena had not met her burden under Althen for a causation-in-fact claim. Id. at 16-18.

The case was transferred to the undersigned on January 3, 2025. Ms. Pena was ordered to file an expert report by April 18, 2025. Order, issued Jan. 14, 2025. When she did not file a report, the deadline was extended, *sua sponte*, to May 5, 2025. Order, issued April 25, 2025. Ms. Pena was advised that the failure to submit either a justified motion for enlargement of time or an expert's report may result in an order to show cause as to why the case should not be dismissed.

On May 5, 2025, Ms. Pena moved for an additional 45 days to file her expert report. Ms. Pena stated that, despite several attempts, counsel had not been able to successfully retain an expert on petitioner's behalf. Ms. Pena "request[ed] one final extension of time to retain an expert and file a report."

Ms. Pena was ordered to show cause as to why her case should not be dismissed by July 11, 2025. Order, issued May 8, 2025. Mr. Pena was advised that her response may include (a) reports from an expert or more than one expert, (b) an argument regarding the persuasiveness of the evidence from counsel, or (c) expert report(s) as well as an argument from counsel.

On July 11, 2025, Ms. Pena moved for a decision dismissing her petition. Ms. Pena states that an investigation of the facts and science supporting her case has demonstrated to her that she will be unable to prove that she is entitled to compensation, and that to proceed further would be unreasonable. Ms. Pena understands that a decision dismissing the petition will result in a judgment against her, and she reserves the right to elect to reject the judgment against her and file a civil case.

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based

solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Pena filed medical records in support of her claim but did not obtain a supportive report from an expert. Therefore, Ms. Pena wishes to have her claim dismissed and judgment entered against her. Given Ms. Pena's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Pena did not provide an expert report to support her claim that the MMR vaccine caused her condition. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master